```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HARLEYSVILLE INSURANCE CO. OF NEW JERSEY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 05-5566 (JBS) |
| v. | |
| THEODORE ARTHUR CLARK, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

APPEARANCES:

Lance J. Kalik, Esq.
RIKER DANZIG SCHERER HYLAND & PERETTI, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
     Attorney for Plaintiff

Robert G. Hicks, Esq.
JAVERBAUM WURGAFT HICKS & ZARIN
959 South Springfield Avenue
Springfield, New Jersey 07081
     Attorney for Defendants Theodore and Barbara Clark

**SIMANDLE**, District Judge:

   This matter comes before the court upon the motion of Defendants Theodore Clark and Barbara Clark to dismiss this action filed by Plaintiff Harleysville Insurance Company of New Jersey pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.[1]  [Docket Item No.

---

[1] Defendants also seek dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue and

4.] The Court has considered the submissions of Defendants in support thereof [Docket Item Nos. 4 and 10] and Plaintiff's opposition thereto [Docket Item No. 6]. The principal issue presented is whether the Defendants have sufficient contacts with the State of New Jersey to establish personal jurisdiction here, and, if so, whether New Jersey is the proper venue and whether it is nonetheless an inconvenient forum requiring dismissal.

The Court's findings follow.

1. Plaintiff, Harleysville Insurance Company of New Jersey ("Harleysville") is a corporation organized under the laws of the State of New Jersey, having its principal place of business at 224 Strawbridge Drive, Suite 301, Moorestown, New Jersey. Harleysville writes policies of insurance only for New Jersey insureds, in this case providing commercial auto coverage to Auto Elite Transport, a New Jersey corporation.

2. Michael Kretzler ("Kretzler") is an individual domiciled at 2901 Childs Street, Baltimore, Maryland; he was employed by Auto Elite in Maryland at the time of the accident.

---

pursuant to 28 U.S.C. 1391(a)(2) for *forum non conveniens*.

3.   Theodore Arthur Clark and Barbara Clark ("Mr. Clark" and "Mrs. Clark," and collectively "the Clarks") are individuals domiciled at 3854 County Farm Road, Blackshear, Georgia.

4.   Cincinnati Insurance Company ("CIC") is a business organized under the laws of Ohio with a principal address of P.O. Box 145496, Cincinnati, Ohio.  CIC issued an automobile liability policy to the Clarks which provided uninsured/underinsured motorists coverage during the time of the accident which is the subject matter of the underlying action.

5.   The accident occurred in Maryland after Mr. Clark had accepted employment with Auto Elite Transport, a New Jersey corporation.  After orientation, Auto Elite assigned Clark a vehicle from the New Jersey workyard and instructed him to drive it to Baltimore, Maryland to attend a mandatory training session.  Mr. Clark alleges that he was injured when Mr. Kretzler negligently operated a vehicle owned by Auto Elite, causing Mr. Clark to be thrown from the vehicle.

6.   Pursuant to N.J.S.A. 2A:16-50, et seq., Harleysville seeks a declaration that it is not obligated under the terms of its policy with Auto Elite Transport (Mr. Kretzler's and Mr. Clark's employer), to defend or indemnify Kretzler with respect

3

to claims made against him in an action titled <u>Theodore Arthur Clark and Barbara Clark v. Michael Kretzler and Cincinnati Insurance Company</u>, Docket No. 06-2236, which is currently pending before the U.S. District Court for the District of New Jersey after being (1) removed from the Circuit Court for Baltimore City, Maryland to the U.S. District Court for the District of Maryland and (2) transferred to its present venue.

    7.   This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) Harleysville is a citizen of New Jersey while the Clarks are citizens of Georgia; and (2) the amount in controversy exceeds the sum of $75,000 (insofar as the limits of the insurance policy at issue are $1,000,000, and the alleged damages exceed $75,000).

    8.   The Declaratory Judgment Act at 28 U.S.C. § 2201 authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the insurance contract between Harleysville and Auto Elite Transport that is the subject of this action.

    9.   Harleysville filed this complaint against Kretzler, the Clarks, and CIC on November 18, 2005, seeking a declaration that it is not obligated under the terms of its policy with Auto Elite

to defend or indemnify Kretzler with respect to claims made against him by the Clarks for personal injuries arising from an accident occurring in Maryland on August 5, 2002, currently in litigation in Clark v. Kretzler, et al., No. 24-C-04-004752 (Circuit Court for Baltimore City, Md.)  In its Complaint, Harleysville claims that venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or transactions giving rise to this declaratory judgment action occurred in the District of New Jersey, where the subject insurance policy was negotiated, delivered and paid for.[2]  In response, the Clarks filed this motion to dismiss for lack of personal jurisdiction on January 6, 2006.  Plaintiff filed its brief in opposition to the Clarks' motion to dismiss on January 20, 2006.  The Clarks filed a reply brief in support of their motion on February 2, 2006.

      10.  This Court may exercise personal jurisdiction over

---

[2] Plaintiffs Theodore and Barbara Clark thereafter filed a declaratory judgment action against Harleysville and Kretzler in the Circuit Court for Baltimore City, No. 24-C-05010209, which was removed to the U.S. District Court for the District of Maryland, Civil No. 06-86 (RDB).  That case was transferred to this Court by Order filed May 17, 2006, and is docketed as Clark v. Harleysville Ins. Co. of New Jersey, et al., Civil No. 06-02236 (JBS).  The present case and the Clark case are being consolidated by separate Order filed today.
    Meanwhile, the Clarks' personal injury action remains pending in the Maryland state court in Clark v. Kretzler, et al., No. 24-C-04-004752 (Circuit Court for Baltimore City, Md.).

"a defendant . . . not present within the territory of the forum [if] he ha[s] certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), citing Milliken v. Meyer, 311 U.S. 457, 463 (1940).

   11.  In their motion to dismiss, the Clarks challenge this Court's authority to exercise personal jurisdiction over Mr. Clark, arguing that, if Plaintiff's action arises out of or relates to the Mr. Clark's contacts with the State, those contacts do not rise to the level of "minimum contacts" required for the exercise of specific personal jurisdiction.  Mrs. Clark challenges the Court's exercise of personal jurisdiction over her because her claims do not arise out of or relate to any contact she has with the State of New Jersey.

   12.  When the exercise of personal jurisdiction is challenged under Fed. R. Civ. P. 12(b)(2), the plaintiff "bear[s] the burden of establishing, with reasonable particularity, the nature and extent of" the defendant's contacts with the forum state. Gehling v. St. George's School of Med., Ltd., 773 F.2d 539, 542 (3d Cir. 1985).  In this case then, Harleysville must satisfy a two-part test:

6

> First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. Second, for jurisdiction to be exercised the court must determine, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice."

IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) and International Shoe Co. 326 U.S. at 316.  Minimum contacts are established where a defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws. See International Shoe, 326 U.S. at 319.  Foreseeability is also critical to the Court's due process analysis.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)(the defendant's conduct and connection with the forum State [should be] such that he should reasonably anticipate being haled into court there); see also Kulko v. California Superior Court, 436 U.S. 84, 97-98 (1978); Shaffer v. Heitner, 433 U.S. 186, 216 (1977).

    13.    Both parties agree that:

- Mr. Clark applied for work with Auto Elite Transport ("Auto Elite") during the summer of 2002;

- At the request and expense of Auto Elite, Mr. Clark traveled to Auto Elite's New Jersey office in order to attend orientation and to submit to a physical exam;

- Mr. Clark spent approximately two (2) days in New Jersey;

- After Auto Elite hired Mr. Clark, Auto Elite assigned him a vehicle from its New Jersey workyard and directed him to attend a mandatory training session in Baltimore, Maryland;

- It was at this training session in Maryland that Mr. Clark's alleged injuries occurred when his supervisor, Mr. Kretzler, operated his Auto Elite vehicle negligently.

14. In support of Plaintiff's argument that the exercise of personal jurisdiction is proper, Plaintiff also submits the following facts:

- Auto Elite gave all drivers their dispatches from its offices in New Jersey; and

- No one at any of the loading terminals was authorized to independently dispatch a driver without an express directive from the company office in New Jersey.

15. In this action, Harleysville seeks a declaratory judgment relating to the commercial insurance policy that it issued to Auto Elite. This action arises from the terms of Harleysville's policy with Auto Elite and from the fact that both Mr. Kretzler and Mr. Clark were employees of Auto Elite. Because this action arises out of or relates to Mr. Clark's contacts with New Jersey, namely his employment at Auto Elite, this Court may exercise specific personal jurisdiction over Mr. Clark if

Harleysville can show that Mr. Clark's contacts satisfy the two-part test established in IMO Indus., above.[3]

16. By knowingly creating a continuing obligation between himself and a New Jersey corporation, Mr. Clark created "minimum contacts" with New Jersey sufficient to support the exercise of specific jurisdiction. In McGee v. International Life Ins. Co., 355 U.S. 220 (1957), the U.S. Supreme Court stated that, to exercise personal jurisdiction, it "is sufficient for purposes of due process that [a] suit was based on a contract which had substantial connection with that State." Id. at 223. The Court has also stated that, with respect to interstate contractual obligations, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King, 471 U.S. at 473 (1985) (internal citations omitted). In such cases, jurisdiction is proper "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Id. at 475-476 citing McGee 355 U.S. 220 at 223.

---

[3] Because this action *does* "arise out of or relate to" Defendants' contacts with the state of New Jersey, it is not necessary to examine Defendant's claim that there is no basis for the exercise of general personal jurisdiction.

Courts in this district have found personal jurisdiction in factually similar cases. In <u>Apollo Technologies Corp. v. Centrosphere Indus. Corp.</u>, 805 F.Supp. 1157 (D.N.J. 1992), officials of non-resident defendant Centrosphere:

> traveled to New Jersey to discuss the terms under which Centrosphere would supply [Plaintiff] Apollo's products . . . . This visit lasted four days. . . . During this visit, Centrosphere officials read, negotiated and executed the First Agency Contract and executed the Second Agency Contract while in New Jersey.

<u>Id.</u> at 1185. The court held that "Centrosphere's physical presence in New Jersey, its negotiation and execution of contracts within the forum, together with its supporting correspondence to Apollo, speak in favor of personal jurisdiction." <u>Id.</u> The District Court also found that "Centrosphere's visit to New Jersey, was voluntary and in no way random, fortuitous or attenuated. . . . Centrosphere should have anticipated being haled into a court in New Jersey." <u>Id.</u> at 1186.[4]

Read together, the Supreme Court and District Court of New Jersey rulings indicate that in order for an employee to be

---

[4] While <u>Apollo</u> addresses the sufficiency of a contractual relationship rather than an employment agreement, <u>BABN Tech. Corp. v. Bruno</u>, 25 F.Supp.2d 593 (E.D.Pa. 1998) **serves as a persuasive guide to Mr. Clark's situation**. The court in <u>BABN</u> found that the defendant was subject to personal jurisdiction in Pennsylvania because it was clear that the defendant "'purposefully availed' himself of the protections and benefits of the laws of Pennsylvania when he entered into an employment agreement [t]here in January 1995." <u>BABN</u>, 25 F.Supp.2d at 596.

10

subject to personal jurisdiction in the state of the employer, the employee must willingly enter into an employment agreement that creates a foreseeable continuing obligation between himself and residents of the forum state.  Travel to the home office of an out-of-state corporation, receipt of orders directly from the out-of-state office (and not through a regional office) and "direct and regular contact with the home office" are evidence of continuing obligations.

  17. The fact that Mr. Clark willingly and purposely traveled to New Jersey to seek employment with Auto Elite and that, by accepting employment with a New Jersey corporation where he would be dispatched from New Jersey, shows that he created a continuing obligation with his employer and the State of New Jersey, at least as to disputes arising from his employment upon dispatch from New Jersey.  Mr. Clark's conduct is similar to that of defendant Centrosphere in <u>Apollo</u> and of the defendant employee in <u>BABN</u>.  Mr. Clark did have direct contact with the home office of Auto Elite in New Jersey, he traveled to New Jersey and remained there for two days in order to secure this employment. After he was hired, he was to continue having direct contact with Auto Elite in New Jersey, as all driver dispatches originated there and his paychecks would issue from a New Jersey bank.  Even if he expected to remain in the area of his home state of Georgia

during his employ, as an Auto Elite employee, he was required to accept any dispatch he received from Auto Elite.  Thus, Mr. Clark "purposefully availed himself of the protections and benefits of the laws of [New Jersey] when he entered into an employment agreement [t]here . . . ."  BABN, 25 F.Supp.2d at 596.  By traveling to New Jersey to initiate employment with Auto Elite, Mr. Clark certainly contemplated creating a continuing obligation between himself and a New Jersey corporation.[5]

    18.   In addition to establishing "minimum contacts" in New Jersey, Plaintiff must also show that the Court's exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice."  International Shoe, 326 U.S. at 316.  In order to make this determination, "courts in appropriate cases may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient

---

[5] Defendants' argument that the court should follow holding in Protective Ins. Co. v. Cody, 882 F.Supp. 782 (S.D.Ind. 1995), is not persuasive.  The facts of Protective are clearly distinguishable from the facts in this case.  In Protective, the employees had not traveled to the home office of the corporation, nor did they work directly with that office.  Id. at 786.  Rather, they were employed through and had contact with only the regional offices of the corporation.  Id.  The facts of this case are more similar to those of the cases distinguished *in* Protective (Meyer and Lee).

resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Burger King, 471 U.S. at 476-477 (citations omitted).

19.  Mr. Clark contends that litigating this action in New Jersey would prove to be an undue burden because he would have to retain New Jersey counsel in addition to counsel retained to litigate the underlying action, commenced in Maryland.  Mr. Clark also argues that because he, Mrs. Clark and Mr. Kretzler have consented to jurisdiction in Maryland, Maryland is the least burdensome forum.  Because the Clarks' parallel declaratory judgment action was recently transferred from the District of Maryland to this Court, Mr. Clark's arguments about inconvenience are moot.  Mr. Clark will be required to litigate his declaratory judgment action here in New Jersey, and thus litigation in New Jersey cannot be so burdensome as to "offend traditional notions of fair play and substantial justice."

20.  New Jersey also has a strong interest in adjudicating this case.  Harleysville is a New Jersey corporation that entered into an insurance contract with Auto Elite, another New Jersey corporation.  The parties entered into the contract with the understanding that it would be governed by New Jersey law.  The state of New Jersey has a continuing interest in assuring that

13

contracts between residents are enforced according to New Jersey law.  This factor adds weight to Plaintiff's argument that litigation in New Jersey is not unfair to Mr. Clark.

21.  Harleysville's interest in obtaining convenient and effective relief weighs strongly in favor of litigating the action in New Jersey.  Mr. Clark argues that Harleysville is a "plaintiff," and has choice of venue, in name only because Harleysville filed its complaint only one business day in advance of Clark's declaratory judgment action in Maryland.  However, as mentioned above, Harleysville is a New Jersey company that issued an insurance policy to Auto Elite, also a New Jersey corporation, with the expectation that the policy would be governed by New Jersey law.  While it is foreseeable that Mr. Clark, who sought employment with a New Jersey corporation, would be amenable to suit in New Jersey, it is not foreseeable that Harleysville would be hailed into court in Maryland over an insurance policy that it issued in New Jersey to a New Jersey corporation.  Plaintiff's interest in obtaining convenient and effective relief is best served by litigating this action in New Jersey.

22.  Because this action arises from an insurance policy issued by a New Jersey insurer (Harleysville) to a New Jersey corporation (Auto Elite), New Jersey is the proper forum to hear

the case.  It would not necessarily further the "interstate judicial system's interest in obtaining the most efficient resolution of controversies" if a Maryland court were to rule on New Jersey law.  <u>Burger King</u>, 471 U.S. 462 at 476-477.  The litigation of Harleysville's complaint in New Jersey does further this interest.

23.  This Court concludes that a New Jersey court may exercise personal jurisdiction over Mr. Clark and not offend traditional notions of fair play and substantial justice.  In balancing the factors cited by the court in <u>Burger King</u>, this Court finds that it is not unfair or unjust to exercise jurisdiction over Mr. Clark.  Based on the foregoing, defendant Theodore Clark is subject to personal jurisdiction in the state of New Jersey.

24.  As to defendant Barbara Clark, however, this Court is aware of no basis of personal jurisdiction over her in New Jersey.  So far as the record reflects, she has never been present here nor has she in any way availed herself of conducting her business or personal affairs in New Jersey, and the complaint

against Barbara Clark will be dismissed for lack of personal jurisdiction.[6]

25.  Defendants also contend (1) improper venue pursuant to rule 12(b)(3) of the Federal Rules of Civil Procedure, and (2) *forum non conveniens* pursuant to 28 U.S.C. 1391(a)(2).  Venue is proper here for this declaratory judgment action because a substantial part of the events giving rise to the insurance coverage dispute - including the negotiation, payment and issuance of the policy to the New Jersey insured - occurred in New Jersey, 28 U.S.C. § 1391(a)(2).  However, with the transfer of the Clarks' parallel declaratory judgment action from the District of Maryland to the District of New Jersey, the court will not examine whether the District of Maryland would have been the more convenient forum for the parties.  This Court cannot transfer this case to Maryland on the basis of *forum non conveniens* when the identical matter has been transferred here,

---

[6] Alternatively, the claim against Mrs. Clark will be dismissed under Rule 19(a)(2)(I) Fed. R. Civ. P.  Mrs. Clark's claim for loss of consortium is derivative of Mr. Clark's claims. Acevedo v. Monsignor Donovan High Sch., 420 F.Supp.2d 337, 347 (D.N.J. 2006) (A loss of consortium claim is a derivative claim, depending upon the existence of tortious conduct on the part of the defendants.) (citations omitted).  However, because any interest that she has in the present litigation is sufficiently protected by her husband's involvement here, she is not a necessary party to this action and may be dismissed from it pursuant to Federal Rule of Civil Procedure 19.  Fed. R. Civ. P. 19(a)(2)(I).

and where, as indicated above, both subject matter jurisdiction and personal jurisdiction over Mr. Clark are present here.

## CONCLUSION

For the foregoing reasons, the accompanying Order will be entered denying the dismissal motion of Defendant Thomas Clark and granting the motion of Defendant Barbara Clark to dismiss for lack of personal jurisdiction over her.

**July 27, 2006**     **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                              United States District Judge